(109 App. Div. 835)

### SANFORD v. BRONSON et al.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

ATTORNEY AND CLIENT—COMPENSATION OF ATTORNEY.
    An attorney employed to conduct proceedings under a statute for the drainage of swamp lands is entitled to recover for services rendered in litigation involving the validity of the statute and appeals necessitated in such proceedings, where the clients knew of the litigation and of the attorney's appearance in good faith in their behalf, in support of the validity of the only statute authorizing the proceedings, though he failed to accomplish the result desired because of the statute being declared invalid.
    [Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 317, 321.]

Appeal from Trial Term, Orange.County.

Action by Ferdinand V. Sanford against Elias F. Bronson and others. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Henry Bacon, for appellants.
A..S. Tompkins, for respondent.

WOODWARD, J.   The plaintiff is a lawyer, and brings this action to recover for professional services rendered to or in behalf of the defendants in an effort to drain certain swamp or bog lands in the towns of Chester and Blooming Grove in Orange county, under the provisions of chapter 384, p. 227, of the Laws of 1895.   This was an act enacted in pursuance of the provisions of section 7 of article 1 of the Constitution of this state as amended in 1894, and the evidence warrants a finding that the defendants, acting through a committee of three of their number, consulted the plaintiff in May, 1895, in reference to the drainage of their lands, and that the plaintiff at first suggested a voluntary arrangement among the persons interested; that he drew up a petition, in which three of the landowners were constituted a committee or agents of the subscribers to receive and use for the purpose of developing a drainage system the moneys which should be subscribed. This scheme failed to produce the desired result, less than $1,000 being subscribed, and it was then agreed among the subscribers that a proceeding should be instituted under the provisions of the statute. The plaintiff undertook the work, prepared the petition, which was subscribed by the defendants and several others who have since died, and secured the appointment of the commissioners provided by the stat-

ute.   He advised the commissioners, and generally conducted the proceedings looking to the accomplishment of the end desired by the defendants and for which he was employed, and when the work had progressed well toward completion, and it became necessary to enforce the collection of the assessments made upon the various properties supposed to be benefited by the improvement, some of the property owners involved, but who were not among the petitioners, contested the assessment and raised the question of the constitutionality of the statute. The plaintiff appeared before the County Court, where the question was originally raised, and succeeded in having the act sustained.   The case was appealed to the Appellate Division, where the plaintiff appeared in behalf of the commissioners and in the general pursuance of the object for which he was originally retained.   At this point the proceedings were condemned as not being authorized by the Constitution, and the plaintiff, after consultation with such of the defendants as appeared upon his invitation, and with the authorization of the landowners who had been originally held out as acting as a committee or as agents of the defendants, appealed to the Court of Appeals, where the decision of the Appellate Division was affirmed.   The defendants, while conceding the original employment, now contend that they never authorized the plaintiff to appear in these several appeals; but the evidence is not disputed that none of them ever withdrew from the effort to bring about the drainage of their land, and, as this was the general object for which the plaintiff was employed, it seems to us that they are hardly in a position to repudiate his acts in endeavoring to sustain the statute.   There can be no doubt, from the evidence, that each of the defendants knew of the course of events, knew that the appeals were being taken, and that the plaintiff was appearing in their behalf, in support of the only statute which would enable them to accomplish the object which they had in view, and we can see no justification for the contention of the appellants that the appeals were looked after by the plaintiff without their consent.

Upon the trial, the learned court instructed the jury that they could not award any compensation to the plaintiff for services which he performed in securing the appointment of the commissioners, etc., it being contemplated by the statute and by the contract of his employment that such services should be included in the cost of the improvement and paid for by the money raised upon the assessment for benefits; but it was stated as the law that the plaintiff might recover for those services which he was called upon to perform in behalf of the defendants in an effort to sustain the law, if the jury should find from the evidence that he was employed by them for this purpose, and the jury has found in plaintiff's favor, deducting about $300 from his claim for services.   We are of opinion that the evidence supports this finding, and that the fact that the plaintiff failed, by reason of the unconstitutionality of the statute, to accomplish the result desired by the defendants, cannot be permitted to defeat his recovery for services performed in good faith, and in the exercise of reasonable judgment.   Statutes are presumed constitutional, and it would be a harsh rule which made an attorney's compensation depend upon the constitutionality of the statutes under which he attempted to serve the ends of his clients.

The plaintiff's claim for disbursements, including $500 which he advanced to the commissioners, was likewise litigated, and the court instructed the jury that it could not reimburse the plaintiff for this advancement, but permitted a recovery for actual disbursements in connection with the appeals, and we are persuaded that the verdict of the jury in this respect ought not to be disturbed.

We do not find reversible error in the case, and conclude that the judgment and order appealed from should be affirmed, with costs. All concur.

(109 App. Div. 819)

## SPAETH v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

CARRIERS—INJURY TO PASSENGER—CARE REQUIRED OF PASSENGER.

In an action for injuries to a passenger, owing to her foot having caught in a strand or loop of a car mat, there being evidence that the mat was practically worn out, it was not incumbent on plaintiff to prove that the particular strand or loop had been in a dangerous condition long enough to charge defendant with constructive notice.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1251.]

Appeal from Trial Term, Westchester County.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.